UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER, | Case No. 2:21-cv-01686 JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| CITY OF ROSEVILLE POLICE, *et al.*, | |
| Defendants. | |

Plaintiff, a state inmate proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2022, I screened plaintiff's complaint, found that he stated viable Fourteenth Amendment claims against defendants Paul, City of Roseville Police, and Placer County, and ordered him to complete and return to the court, within thirty days, four copies of his complaint, a completed summons for each defendant, and a USM-285 form for each defendant. ECF No. 7. That order was served on plaintiff's address of record and returned by the postal service. After more than sixty-three days had passed since that order was returned by the postal service, I issued an order on November 11, 2022, directing plaintiff to provide with court with his current mailing address and submit to the court completed USM-285 forms for each defendant.[1] ECF No. 8.

---

[1] Local Rule 183(b) states that a "party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in*

1

Fifteen days later, plaintiff filed a request asking the court to send the service documents again and he included a current mailing address. ECF No. 9. Plaintiff explained that he had not received the court's May 11 order because he was released from custody on February 27, 2022, but he had since been reincarcerated and wished to proceed with this action. Accordingly, on December 5, 2022, I sent him the required service forms. ECF No. 10. I further warned plaintiff that failure to comply with that order may result in a recommendation that this action be dismissed.[2] Plaintiff has not complied with that order or otherwise responded to it.

Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district judge to this matter.

Further, it is hereby RECOMMENDED that:

1. This action be dismissed for failure to prosecute and failure to comply with court orders, for the reasons set forth in the November 2, 2022 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

*propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

[2] According to the California Inmate Locator, plaintiff was transferred to California Men's Colony ("CMC"), where he is currently housed. https://inmatelocator.cdcr.ca.gov/Results.aspx (last visited May 26, 2023). Accordingly, on February 24, 2023, I had the May 11 order, one summons, one copy of the complaint, and three USM-285 forms reserved on plaintiff's current place of incarceration at CMC.

2

Case 2:21-cv-01686-TLN-JDP   Document 11   Filed 05/30/23   Page 3 of 3

IT IS SO ORDERED.

Dated:   May 26, 2023                   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE